# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Armando Mercado,<br><br>    vs.          Plaintiff,<br><br>Robert J. Hernandez,<br><br>            Defendant. | CASE NO. 05 cv 0574-WQH (LSP))<br><br>ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation of Magistrate Judge Louisa S. Porter, filed on November 17, 2005, recommending that Petitioner's Writ of Habeas Corpus should be denied and the case dismissed with prejudice.

## BACKGROUND

Petitioner Armando Mercado seeks habeas relief pursuant to 28 U.S.C. § 2254 challenging his conviction in state court. Petitioner claims that he was denied his due process right to a fair trial as a result of (1) ineffective assistance of counsel, and (2) an improper response by the trial judge to the jury's request for a readback. *Petition* at 6. Respondent asserts that habeas relief should be denied because Petitioner failed to show that the decision of the California Court of Appeals upholding Petitioner's conviction was contrary to, or an unreasonable application of, federal law. *Answer* at 5. In addition, Respondent contends that the federal court may not grant Petitioner's claim for habeas relief based on the trial court's improper response because Petitioner did not present this issue to California's highest court in either his petition for review or for state

1  habeas relief. *Id.* (citing to 28 U.S.C. § 2254 (b) (federal court may not grant writ unless the
2  petitioner exhausted his state court remedies with respect to all claims contained in the petition.))
3        On November 17, 2005, Magistrate Judge Porter issued a Report and Recommendation
4  recommending that the district court deny the Petition. *Report and Recommendation* ("*R&R*") at
5  12. The Report and Recommendation concluded that Petitioner failed to show that he was
6  prejudiced by the decision of his trial counsel not to object to the testimony of the arresting officer
7  that he felt "pretty confident" that the correct person was in custody based on the identification by
8  an eye witness. *R&R* at 7-8. The Report and Recommendation agreed with the finding of the
9  California Court of Appeal that "it was not reasonably probable that any juror who was not
10 otherwise convinced that Petitioner was guilty would be induced to abandon those doubts in
11 reliance on [the officer's] testimony" and concluded that Petitioner failed to establish a claim of
12 ineffective assistance of counsel. *Id.* at 9.
13       The Report and Recommendation found that Petitioner failed to present his claim that the
14 trial judge improperly responded to the request for a readback by the jurors to the state supreme
15 court, but recommended denying habeas relief on the grounds that Petitioner did not cite any
16 evidence in support of the allegation. *Id.* at 11.
17       On December 7, 2005, Petitioner filed a Notice of Appeal from the Report and
18 Recommendation prior to the expiration of the period for filing objections to the Report and
19 Recommendation. Petitioner then filed a Request for Certificate of Appealability. The District
20 Court denied the request for Appealability based on the Appeal being premature. The Ninth
21 Circuit denied the Request for Appeal and the record was returned to this Court on April 28, 2006.
22 The Court issued an order which required the parties to file any Objections to the Report and
23 Recommendation on or before July 14, 2006 and any Replies on or before August 4, 2006. No
24 Objections were filed.
25                       **STANDARD OF REVIEW**
26       The duties of the district court in connection with a magistrate judge's report and
27 recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §
28 636(b)(1). The district court must "make a de novo determination of those portions of the report ...

1  to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings
2  or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); *see also United States v.*
3  *Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

4  When no objections are filed, the district court may assume the correctness of the
5  magistrate judge's factual findings and decide the motion on the applicable law.  *See Campbell v.*
6  *United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974).  Under such circumstances, the Ninth
7  Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de
8  novo review to factual findings; conclusions of law must still be reviewed de novo."  *Barilla v.*
9  *Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

10  **DISCUSSION**

11  Petitioner requests habeas relief on the grounds that: (1) the inadequate performance of his
12  trial counsel resulted in a violation of his right to due process and his Sixth Amendment right to
13  effective assistance of counsel, and (2) the trial court issued an improper response to the jury's
14  request for a readback in violation of his due process right to a fair trial. *Petition* at 6.

15  In order to prevail on a claim for ineffective assistance of counsel, Petitioner must prove
16  that defense counsel's conduct fell "outside the wide range of professional competence" and that
17  counsel's deficient performance prejudiced Petitioner's defense.  *Strickland v. Washington*, 466
18  U.S. 668, 687 (1984).  The Court need not address both the deficiency element and the prejudice
19  element of an ineffective assistance of counsel claim if Petitioner fails to make a sufficient
20  showing of either element.  *Id.* at 697.  The Magistrate Judge concluded that the decision by
21  defense counsel not to object to the arresting officer's testimony did not rise to the level of
22  prejudice, regardless of whether the decision was a reasonable trial tactic.  *R&R* at 8.  The defense
23  counsel had the opportunity to present any discrepancies or issues relating to identity during cross-
24  examination of the eye witness who had previously identified Petitioner to the arresting officer.
25  *Id*. at 9.  In addition, the trial judge explicitly instructed the jurors that they were "the sole judges
26  of the believability of a witness and the weight to be given the testimony of each witness." *Id.*
27  The Magistrate Judge correctly concluded that the conduct of defense counsel did not violate
28  Petitioner's constitutional right to effective assistance of counsel.

1    The Magistrate Judge also concluded that Petitioner is not entitled to habeas relief on his
2 claim that he was denied a fair trial by the trial court's improper response to the jury's request for
3 a readback. *R&R* at 10.[1] The jurors requested a readback of specific witness testimony regarding
4 doorknobs and voices heard. *Id.* at 10-11 (citing *Lodgment 1* at 133.) The end of the jury's
5 request states: "nothing about fingerprints and doorknobs." *Id.* at 11. Petitioner claims that this
6 phrase was a response from the trial court to the readback request. *Id.* The Magistrate Judge
7 reasonably found that the phrase appeared to be a clarification by the jury of the scope of their
8 request rather than a response by the trial judge. *Id.* The phrase was written in the "question"
9 section of the request form whereas the "response" section of the form was left blank. *Id.* There
10 was no signature from the trial judge on the form to indicate that a response was given. *Id.* The
11 Magistrate Judge correctly concluded that there is no evidence in the record to support Petitioner's
12 claim that he was denied a fair trial by the response of the judge to the jury's request for a
13 readback.

## CONCLUSION

15    IT IS HEREBY ORDERED that the Report and Recommendation is adopted in its entirety
16 and the Petition for Writ of Habeas Corpus is denied. The Clerk of the Court shall enter judgment
17 in favor of Respondent.

DATED: October 11, 2006

**WILLIAM Q. HAYES**
United States District Judge

---

[1] Although Petitioner failed to exhaust his state court remedies by not presenting this claim to the state supreme court, the Court may deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2).